**WO**                                                                                                          BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcelo Lopez-Gutierrez, | No. CV 05-3584-PHX-SMM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

In this civil rights action brought by a *pro se* inmate, Defendant moved to dismiss (Doc. #8) for lack of exhaustion. Plaintiff has failed to respond. After careful review of these pleadings and the record, the Court will grant Defendant's motion.

**I.  Background**

Plaintiff filed a 42 U.S.C. § 1983 Complaint alleging that Defendants Maricopa County Sheriff's Office and Joseph M. Arpaio violated his constitutional rights due to (1) overcrowding, (2) unsanitary conditions, and (3) deliberate indifference to his medical needs (Doc. #1). Defendant Arpaio was ordered to answer the Complaint, and he subsequently filed a Motion to Dismiss on the grounds that Plaintiff did not exhaust his administrative remedies (Docs. ##5, 8). Attached to the motion were (1) the Maricopa County Inmate Grievance Procedures and (2) an affidavit by Sergeant Zelean Tademy, a Hearing Officer with the Maricopa County Sheriff's Office (Doc. #8).

**II. Failure to Respond**

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so). Moreover, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

After Defendant filed the Motion to Dismiss, Plaintiff was provided notice of that motion, advised of his obligation to respond to the motion, and informed that the failure to respond may "be deemed a consent to the granting of that Motion" (Doc. #9). Despite these warnings, Plaintiff has failed to respond to the Defendant's Motion to Dismiss. Accordingly, Plaintiff's failure to respond to the Motion to Dismiss may be construed as a consent to the granting of it. However, out of an abundance of caution, the merits of Defendant's Motion to Dismiss will be addressed.

**III. Legal Standard on Motion to Dismiss**

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006).

1     Defendants bear the burden of raising and proving the absence of exhaustion. <u>Wyatt</u>
2 <u>v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter
3 of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may
4 look beyond the pleadings and decide disputed issues of fact." <u>Id.</u> at 1119-20. The Court has
5 broad discretion as to the method to be used in resolving the factual dispute. <u>Ritza v. Int'l</u>
6 <u>Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988). The proper
7 remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim
8 without prejudice." <u>Wyatt</u>, 315 F.3d at 1120.

9 **IV. Analysis**

10     An inmate should seek to resolve a conflict through the Maricopa County Jail
11 System's Inmate Grievance Procedures. An inmate who wishes to file a grievance will be
12 provided a Grievance Form upon request, and must submit the form to a detention officer.
13 The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing
14 Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his
15 decision to the jail commander, whose decision may be appealed to an External Referee. The
16 External Referee's decision is final (Doc. #8, ex. 1).

17     For a medical grievance, the Hearing Officer promptly forwards the complaint to the
18 charge nurse, who will respond to the inmate. The inmate may appeal the charge nurse's
19 decision by filing an External Grievance Appeal, which is forwarded to the Contracted
20 Health Services Legal Liaison. The Legal Liaison's decision is final (Doc. #8, ex. 1).
21 Tademy attested that Plaintiff had not filed any grievances, institutional appeals, or external
22 appeals prior to filing the instant Complaint (<u>Id.</u>, ex. 2)

23     Defendant demonstrated that there exists a grievance system to which Plaintiff failed
24 to avail himself. In his Complaint, Plaintiff stated that detention officers told him that his
25 "request did not warrant a grievance" (Doc. #1 at 6). However, Plaintiff's statement
26 regarding what unidentified detention officers told him does not support a conclusion that
27 Plaintiff was "reliably informed" that there were no available remedies. <u>Brown v. Valoff</u>,
28

1  422 F.3d 926, 934-35 (9th Cir. 2005).  Accordingly, Defendant's Motion to Dismiss will be
2  granted.
3        **IT IS HEREBY ORDERED GRANTING** Defendant's Motion to Dismiss (Doc.
4  #8). Plaintiff's action is dismissed without prejudice for lack of exhaustion.  The Clerk of
5  Court shall enter a judgment of dismissal accordingly.
6        DATED this 11th day of October, 2006.

_____
Stephen M. McNamee
United States District Judge